**In re James A. GRANOSKI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 435499).**

**No. 04–BG–868.**

District of Columbia Court of Appeals.

Submitted Nov. 9, 2006.

Decided Dec. 7, 2006.

---

Before FARRELL, RUIZ and GLICKMAN, Associate Judges.

PER CURIAM:

The respondent, James A. Granoski, was suspended from the practice of law in the state of Florida for ten days by an April 17, 2003 order of the Supreme Court of Florida, and has been on interim suspension in the District of Columbia pursuant to an August 3, 2004 order of this court. The Florida discipline was imposed under a consent agreement, in which respondent admitted to violations of the following Florida Rules: 3–4.3 (misconduct and minor misconduct), 4–3.4(a) (concealing evidence), 4–8.1(b) (failure to report to lawful demand for information from a disciplinary authority), 4–8.4(a) (violation of Bar rules), 4–8.4(c) (dishonesty), 4–8.4(d) (conduct prejudicial to the administration of justice), and 4–8.4(g) (failure to respond in writing to a Bar inquiry). The District of Columbia Board on Professional Responsibility submitted a Report and Recommendation recommending that we impose the identical reciprocal discipline of a ten-day suspension.

■ The Board further proposes that the period of suspension not be deemed to commence for the purpose of reinstatement until respondent files the affidavit required by D.C. Bar Rule XI, § 14(g). Respondent attempted to file the required affidavit, but only affirmed that *since* the time of the foreign discipline, he has not had any clients in the District of Columbia. He did not indicate whether there were (or were not) clients or adverse parties as of the time of suspension who should have been notified of his suspension and whether they were so notified. *See* D.C. Bar R. XI, § 14(a), (b), (c) (requiring notice to "all clients on retainer and all clients being represented on pending [nonlitigated] matters;" "all clients involved in litigated matters or administrative proceedings in any court of the District of Columbia or in pending matters before a District of Columbia government agency," and attorneys for "every adverse party in litigated matters or administrative proceedings in any

court of the District of Columbia, or in pending matters in any District of Columbia administrative agency"). The Board found the affidavit inadequate, and determined that an opportunity to retroactively correct the affidavit was not in order, because the deficiency went "to the core requirement of notice and his conduct in the underlying matter." Respondent must demonstrate either that there were no qualifying clients or adverse parties *at* the time of the foreign discipline, or that he has informed any such clients and adverse parties. *See in re Bowser*, 771 A.2d 1002, 1011 (D.C.2001) (adopting Board's finding that recitals "carefully qualified with the words 'at this time' or [ ] otherwise expressed in the present tense .... [are] plainly insufficient").

Bar Counsel has notified the court that it takes no exception to the Board's recommendation. Respondent did not contest the imposition of reciprocal discipline before the Board, and, before this court, contests only the effective date of suspension for purposes of reinstatement. He has not submitted a corrected affidavit following the Board's Report noting the deficiencies in his affidavit or Bar Counsel's brief to this court suggesting that, by filing the corrected affidavit, respondent could moot the sole remaining issue. Accordingly, it is

ORDERED that James A. Granoski be suspended from the practice of law in the District of Columbia for a period of ten days. For the purpose of reinstatement, the suspension shall be deemed to run from the date that respondent files an affidavit in full compliance with D.C. Bar R. XI, § 14(g). *See* D.C. Bar R. XI, § 16(c).

*So ordered.*